AUFFANT, PETICIONARIO Y APELADO, *v.* SUCESIÓN RAMOS ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce en un recurso de *injunction.*

No. 1376.—Resuelto en enero 26, 1916.

Resuelto en reconsideración en marzo 29, 1916.

INJUNCTION—CONCESIÓN DEL REMEDIO DIRECTA O INCIDENTALMENTE A ALGÚN OTRO PLEITO.—De acuerdo con el artículo 3 de la ley de marzo 8, 1906, puede concederse el remedio de *injunction,* bien incidentalmente dentro de un pleito o directamente por medio de petición presentada con tal fin.

ID.—EJECUCIÓN DE SENTENCIA.—Generalmente no es procedente el remedio de *injunction* para impedir la ejecución de una sentencia en favor de un demandante sobre determinados bienes del deudor, mientras se resuelva y decida otro pleito pendiente y embargo para asegurar la efectividad de la sentencia contra el mismo deudor.

EMBARGO—ASEGURAMIENTO DE SENTENCIA—EMBARGO PREFERENTE.—Es preferente un embargo sobre determinada propiedad de un deudor para asegurar la efectividad de la sentencia sobre otro trabado con posterioridad por otro acreedor, aun cuando la acción del primero se hubiera ejercitado después que la del segundo, pero ello no impide la venta de la propiedad en ejecución para satisfacer al segundo embargante, sujeta, desde luego, al derecho preferente del primero.

RECONSIDERACIÓN DE SENTENCIA.

INJUNCTION—EJECUCIÓN DE SENTENCIA—DESACATO.—Una orden de *injunction* para que un demandado se abstenga de llevar a cabo cualquier acto en ejecución de una sentencia sobre determinada propiedad, debe ser clara y no dejar al demandado en duda en cuanto a si cometería *prima facie* un desacato si intentaba hacer efectiva su sentencia sobre cualquier otra propiedad del deudor.

ID.—PERJUICIOS—DERECHOS DEL PETICIONARIO—REMEDIO IMPROCEDENTE.—Cuando un peticionario en recurso sobre *injunction* no ha sufrido perjuicios y sus derechos están suficientemente garantidos, el remedio por ser innecesario es improcedente.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Manuel y José Tous Soto.*

Abogado del apelado: *Sr. Leopoldo Tormes*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Pedro Auffant entabló demanda en enero 14, 1915, contra Víctor Sallaberry en cobro de una suma de dinero y embargó una propiedad del deudor para asegurar la efectividad de la sentencia. Con anterioridad a esa fecha, sin embargo, o sea en 1912, la Sucesión de Manuel de J. Ramos había obtenido una sentencia contra el mismo deudor y mientras estaba todavía pendiente el procedimiento en el pleito de Auffant obtuvo una orden de ejecución y el márshal de la Corte Municipal de Yauco embargó y tomó posesión de la misma propiedad. Todos estos procedimientos tuvieron lugar en la Corte Municipal de Yauco.

Alegando tener Auffant un derecho preferente o gravamen sobre la propiedad, solicitó en la Corte de Distrito de Ponce una orden de *injunction* para impedir que dicha Sucesión de Ramos ejecutara la referida sentencia sobre la mencionada propiedad mientras no se resolviera el pleito de Auffant que todavía estaba pendiente. La Corte de Distrito de Ponce dictó sentencia no precisamente en los términos en que fué solicitada en la petición de *injunction*, pero prohibiendo en ella a los demandados verificar ningún acto en ejecución de la sentencia a favor de la referida Sucesión de Ramos.

El primer error que ha sido alegado por el apelante es que la corte de distrito no tiene facultad para conceder un *injunction* perpetuo puesto que el objeto de la acción no fué obtener un *injunction* permanente y el *injunction* solicitado no era un remedio en ayuda de algún pleito principal.

Creemos que el artículo 3 de la Ley de marzo 8, 1906, y especialmente el párrafo primero, tiene por objeto conceder el remedio mediante *injunction,* bien incidentalmente a algún otro pleito, o directamente por medio de petición presentada con tal fin. De conformidad con el párrafo 1º. la petición debe ser, o por un período de tiempo limitado, o permanente. En el presente caso la orden no restringió a los demandados por un período de tiempo determinado y el remedio podría quedar convertido en permanente si el peticionario tenía derecho a obtener un *injunction* y la corte facultad para concederlo.

Asumiendo pues, que el peticionario tenía razón al sostener que el embargo para asegurar el pleito de Auffant debía prevalecer a la ejecución de la Sucesión de Ramos, surge la cuestión de si la materia objeto de la acción es una en que puede propiamente concederse el remedio del *injunction.* Las partes no han tratado de esta cuestión. La duda que se ofrece es si la Sucesión de Ramos no tenía derecho a embargar la propiedad de Sallaberry y a venderla con sujeción al embargo anterior de Auffant. La Sucesión de Ramos en todo caso tendría derecho a cualquier participación que quedara al deudor Sallaberry y a venderla sujeta al embargo anterior de Auffant. Para poner un ejemplo más concreto, si la propiedad de Sallaberry excedía a la obligación y costas de Auffant ¿qué hay en ello que impida a un acreedor por sentencia vender la propiedad por ese supuesto exceso? El gravamen del embargo quedaría. En este caso la petición no suministra ninguna idea acerca del valor de la propiedad, pero si el embargo de Auffant tiene preferencia, como declaró probado la corte inferior y como nos inclinamos a creer, el acreedor por ejecución tendría derecho a embargar cual-

quier derecho que quedara al deudor. Por tanto no creemos que el peticionario estableció un caso para obtener el remedio solicitado. Afirma éste que puede presumirse que su embargo está inscrito en el registro de la propiedad y esa alegación no se impugna seriamente. Por consiguiente, somos de parecer de que si se hiciera alguna venta por razón de la ejecución de Sallaberry y presentara la escritura al registro tendría que inscribirse sujeta al embargo de Auffant. Si después del embargo hecho en este caso el deudor hubiera preferido vender la propiedad a la Sucesión de Ramos, ésta habría adquirido con sujeción al embargo. La posición de la persona que compra en la venta por ejecución sería enteramente igual y el derecho preferente de Auffant quedaría protegido y cuando obtuviera su sentencia podría vender.

Debe notarse además que en este caso la sentencia bajo cualquier teoría razonable de la demanda fué extralimitada. Con ella se paralizó la ejecución de la sentencia de la Sucesión de Ramos. Un acreedor tiene derecho a ejecutar su sentencia sobre cualquier otra propiedad si no lo hace en la propiedad particular que se discute. Debe revocarse la sentencia y desestimarse la petición.

> *Revocada la resolución apelada*
> *y desestimada la petición de*
> *injunction.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.

Habiéndose presentado con posterioridad una moción de reconsideración de sentencia, el Juez Asociado Sr. Wolf, en marzo 29, 1916, emitió la siguiente opinión del tribunal.

Se ha presentado una moción de reconsideración en este caso. No vemos cómo el hecho de que esta corte se refiriera erróneamente a la Corte Municipal de Yauco en lugar de a la Corte Municipal de Ponce tenga alguna relación con las cues-

tiones envueltas. El apelado sostiene que la opinión era errónea al expresar que la Corte de Distrito de Ponce dictó una sentencia que no estaba exactamente dentro de los términos solicitados en la demanda. Nos pareció que la Corte de Distrito de Ponce ordenó a la sucesión demandada de Manuel de J. Ramos que se abstuviera de llevar a cabo cualquier acto en ejecución de la sentencia obtenida por ella. La orden de entredicho en este caso prohibía a los demandados llevar a cabo cualquier acto en ejecución de la sentencia y especialmente en lo que respecta a la propiedad particular de que se trata. La resolución apelada ordenó a los demandados que se abstuvieran de llevar a cabo cualquier acto en ejecución de la sentencia y sobre la propiedad que se describiría más adelante. Si la idea de esta orden era meramente limitar a los demandados con respecto a la propiedad en particular, ella fué ambiguamente expresada, y dejaría a un demandado en duda en cuanto a si cometería, *prima facie,* un desacato si intentaba cualquier acto tendente a ejecutar su dicha sentencia. La única diferencia que existe entre la orden de entredicho y la orden apelada consistía en que la palabra ''especialmente'' fué eliminada de la última. Si hubiéramos estado equivocados al interpretar la orden, ello no puede afectar el hecho de que el *injunction* no era el remedio adecuado puesto que el demandante no sufría ningún perjuicio.

Las partes en este caso presentaron una estipulación en la corte inferior admitiendo como probados ciertos hechos relativos a las obligaciones de Sallaberry a favor de Auffant y Sucesión de Manuel de J. Ramos, al tiempo de su vencimiento; a las demandas entabladas por Auffant y por dicha sucesión en reclamación del cumplimiento de esas obligaciones; a las sentencias recaídas y embargos practicados en una finca de la propiedad de Sallaberry; pero en dicha estipulación no se expresa, como indica el peticionario, que fuera la intención de las partes dejar sometida a la corte como una cuestión a decidir la preferencia de las reclamaciones.

Opinamos que la única materia sometida a la decisión de la corte en la estipulación, fué la de si, atendidos aquellos hechos, procedía o nó el *injunction* solicitado. El apelado alega que esta corte especialmente resolvió la cuestión principal, esto es, el derecho de Auffant como contrario a los de la Sucesión de J. Ramos, en favor de Auffant el apelado.

Así nos parece, y precisamente por esa sola razón, aunque no hubiera otra, se sostendría la improcedéncia del *injunction*, estando, como están, suficientemente garantidos los derechos de Auffant sin necesidad del remedio a que ha acudido, que por ser innecesario es improcedente.

La moción de reconsideración debe ser denegada.

> *Denegada la reconsideración.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.